35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Juan ROJO & David Gladney, Petitioners-Appellees,
v.
Howard PETERS, Respondent-Appellant,
 Nos. 92-2234, 92-2251.*
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.**
Decided Sept. 7, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 These two cases concern the retroactive application of a "new" rule of criminal procedure. In cause No. 92-2234, Rojo v. Peters, the petitioner, Juan Rojo was tried by a jury and convicted of murder. Rojo received a sentence of 35 years in prison. After exhausting his Illinois remedies, Rojo petitioned for federal habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Rojo claimed that the jury instructions given at his state court trial on the offenses of murder and involuntary manslaughter violated his Fifth and Fourteenth Amendment rights to a fair trial and due process of law. The district court granted Rojo's petition for a writ of habeas corpus. The state was instructed to retry Rojo within 120 days or resentence him for the crime of involuntary manslaughter (second degree murder).
 
 
 2
 In cause No. 92-2251, Gladney v. Peters, the petitioner, David Gladney, was convicted of murder following a jury trial. After an unsuccessful appeal to the Illinois Appellate Court and the Illinois Supreme Court, Gladney, like Rojo, petitioned the district court for a writ of habeas corpus. Gladney claimed that jury instructions given at his state court trial for the offenses of murder and voluntary manslaughter denied him due process of law. Specifically, Gladney asserted that the instructions given to the jury allowed the jury to return a verdict of murder despite findings that should have resulted in a verdict of voluntary manslaughter. The district court agreed with Gladney and on March 5, 1992, granted his petition for a writ of habeas corpus. The State appealed both decisions.
 
 
 3
 The State argued initially[1] that this court should reverse the district court's grant of habeas corpus by revisiting its decision in Taylor v. Gilmore, 954 F.2d 441 (7th Cir.1992). Taylor challenged jury instructions identical to the instructions given to the jury at the trials of Gladney and Rojo.[2] The Taylor court ruled that Falconer v. Lane, 905 F.2d 1129 (7th Cir.1990), a case that invalidated the above mentioned jury instructions, did not announce a "new" rule of criminal procedure and hence was subject to retroactive application. Taylor, 954 F.2d at 453. The State claims that the Taylor decision should be reversed because the rule announced in Falconer was a "new" rule not dictated by precedent existing at the time Gladney's and Rojo's convictions became final. See Teague v. Lane, 489 U.S. 288 (1989) ("new" constitutional rules of criminal procedure are not retroactive to convictions that have become final before "new" rules are announced). The State lists cases in which courts in this circuit, both state and federal, struggled with the question of whether the jury instructions violated the Constitution. The confusion among these courts, the state says, is evidence that the holding in Falconer must be "new."
 
 
 4
 The United States Supreme Court agreed with the State's argument and reversed this court's decision in Taylor v. Gilmore. Gilmore v. Taylor, 113 S.Ct. 2112 (1993). The Court held that the rule announced in Falconer was "new" within the meaning of Teague v. Lane, and may not provide the basis for federal habeas relief. Gilmore, 113 S.Ct. at 2116-19. Since the rule announced in Falconer is "new," it cannot be retroactively applied to convictions that had become final prior to the announcement of the "new" rule.
 
 
 5
 All parties have filed statements of position concerning the Supreme Court decision in Gilmore v. Taylor. The state claims, and Gladney and Rojo concede, that because Gilmore reverses this court's holding in Taylor v. Gilmore, the decisions of the district court must be reversed.
 
 
 6
 Accordingly, the orders granting the petitions for a writ of habeas corpus are REVERSED.
 
 
 
 *
 On November 6, 1992, this court, on its own motion, consolidated these appeals for purposes of disposition
 
 
 **
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In the Gladney appeal, the State also argued that Gladney's petition for habeas corpus is procedurally defaulted under Verdin v. O'Leary, 972 F.2d 1467 (7th Cir.1992) (constitutional claim must be fairly presented to the state court before bringing federal habeas action). It claims that Gladney failed to fairly present the substance of his constitutional claim to the state court. However, a simple review of the state court record shows that Gladney's Petition for Post-Conviction Relief clearly apprised the state court of the federal constitutional underpinnings of his claim. (Vol. 2, State Court Common Law Record, St.Ct.App. No. 90-3262, page 6, P 3)
 
 
 [2]
 Gladney and Rojo were convicted of murder under a version of murder and voluntary manslaughter instructions found to be constitutionally deficient by this court in Falconer v. Lane, 905 F.2d 1129 (7th Cir.1990), and earlier found statutorily deficient by the Illinois Supreme Court in People v. Reddick, 123 Ill.2d 184, 526 N.E.2d 141 (1988)